IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EMERITUS CORPORATION<br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>GEORGE M. CASE, individually, and as<br>Co-Executor of the Estate of ANNABEL CASE,<br>SHARON L. SIMPSON, individually and as<br>Co-Executor of the Estate of ANNABEL CASE<br><br>　　　　　　　　　Defendants. | CIVIL ACTION<br><br>NO. |

## COMPLAINT TO COMPEL ARBITRATION

Plaintiff, Emeritus Corporation by and through its undersigned attorneys, file this Complaint to compel arbitration in accordance with the arbitration agreement between the parties. In support thereof, Plaintiff avers:

### PARTIES

1. Plaintiff, Emeritus Corporation is a Washington corporation with its principal place of business in Seattle Washington.

2. Defendant, George M. Case is an adult individual, and a citizen of the Commonwealth of Pennsylvania residing, upon information and belief, at 11 Devonshire Square, Mechanicsburg, PA 17050.

3. Defendant, Sharon L. Simpson is an adult individual, and a citizen of the Commonwealth of Pennsylvania residing, upon information and belief, at 519 Park Terrance, Harrisburg, PA 17111.

### JURISDICTION

4. This Court has jurisdiction over the subject matter of this action and over the parties to this action pursuant to 28 U.S.C. § 1332(a)(1) because there is complete diversity of the parties

and the amount at issue exceeds $75,000, exclusive of interest and costs.

5. The Federal Arbitration Act applies and it supplies the body of law to be interpreted in resolving this matter, but it does not supply federal subject matter jurisdiction which exists in this case pursuant to 28 U.S.C. § 1332(a)(1).

## VENUE

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a)(2) because a substantial part of the acts or omissions giving rise to the anticipated claims and anticipated defenses in this matter took place in this district.

## FACTUAL BACKGROUND

7. On October 26, 2015, Annabel Case entered into an agreement with Emeritus Corporation d/b/a Brookdale Harrisburg to become a resident in its assisted living facility.

8. Upon admission, Ms. Case signed a residency agreement. See Resident Agreement, attached hereto as Exhibit "A."

9. Shortly before Ms. Case's admission to Brookdale Harrisburg, Brookdale Harrisburg's nursing staff performed neurological evaluation of Ms. Case and found her to have good cognitive functioning, some short term memory impairment but no other cognitive impairment. See Documentation of Medical Evaluation and Personal Service Assessment, attached hereto as Exhibit "B"

10. Ms. Case signed a residency agreement with her son George Case present. Her son, George, also signed on as a legal representative/responsible party. *See* Exhibit "A". *See also* Resident Information/Emergency Contact Sheet, attached hereto as Exhibit "C." In executing the Residency Agreement, Ms. Case assented to an "Agreement to Arbitrate," wherein the parties established that any and all disputes, claims, or controversies of any sort would be submitted to binding arbitration, and that a judge and/or jury would not resolve any such disputes.

11.    The Agreement to Arbitrate provides in relevant part as follows:

> Any and all claims or controversies arising out of, or in **any** way relating to, this Agreement or any of your stays at the Community...whether arising out of State or Federal law, whether existing or arising in the future, whether for statutory, compensatory, or punitive damages and whether sounding in breach of contract, tort or breach of statutory duties, irrespective of the basis for the duty or legal theories upon which the claim is asserted, shall be submitted to binding arbitration, as provided below, and shall not be filed in a court of law. **The parties to this Agreement further understand that a judge and/or jury will not decide their case.**

*See* Exhibit "A" at ¶ V.A.1 (emphasis in original).

12.    The parties also agreed that their disputes will be governed under the auspices of Federal Law, specifically the Federal Arbitration Act.

> The parties hereby expressly agree that this Arbitration Provision, the Residency Agreement and the Resident's stays at the Community substantially involve interstate commerce, and stipulate that the Federal Arbitration Act ("FAA") shall exclusively apply to the interpretation and enforcement of this Agreement, and shall preempt any inconsistent State law and shall not be reverse preempted by the McCarran-Ferguson Act; United States Code Title 15, Chapter 20, or other law.

*Id.* at ¶ V.A.2

13.    The parties agreed that the Agreement to Arbitrate would also bind "third parties not signatories to this Arbitration Provision, including any spouse, children, heir, representatives, agents, executors, administrators, successors, family member or other persons" requiring all such claimants to resolve their disputes through arbitration, whether they are making a claim in a representative or personal capacity. *Id.* at ¶ V.A.14.

14.    The parties further agreed that the Arbitration Provision would survive Ms. Case's death. *See* Exhibit "A" at ¶ V.A.16.

15.    Additionally, the agreement stated that

> The parties' decision to select arbitration is supported by the potential cost-effectiveness and time-savings offered by selecting arbitration, which may avoid the expense and delay of judicial resolution in the courts system....*You and your legal representative* understand that other long term care companies' Agreements may not contain an arbitration provision. The parties agree that the reasons stated above are proper consideration for the acceptance of the Arbitration Provision. **The undersigned acknowledges that he or she has been**

**encouraged to discuss this Agreement with an attorney. The parties to this Agreement further understand that a judge and/or jury will <u>not</u> decide their case.**

*Id.* at ¶ V.B.

16. The arbitration provision does not cap the amount of monetary damages Mrs. Sanders could recover at arbitration.

17. The arbitration provision requires that the Parties share equally in the Arbitrator's fees and costs. *Id.* at ¶ V.A.12.

### D. The State Court Action initiated by George M. Case and Sharon L. Simpson

18. Defendants herein initiated a state court action by causing the issuance and service of a Writ of Summons captioned *George M. Case, Individually and as Co-Executor of the Estate of Annabel Case and Sharon L. Simpson, Individually and as Co-Executor of the Estate of Annabel Case v. Brookdale Harrisburg, Brookdale Senior Living Communities, Inc., Emeritus Corporation t/d/b/a Brookdale Harrisburg, Brookdale Senior Living Solutions, Brookdale Senior Living, Inc., Emeritus Harrisburg, LLC, Brookdale Living Communities of Pennsylvania-ML, Inc., S-H Twenty-One OpCo Ventures, LLC, S-H Twenty-One PropCo Ventures, LLC.*, Court Of Common Pleas, Dauphin County, Pennsylvania, No. 19-2660 ("the State Court Action") See Exhibit "C." The Defendants identified by the Writ of Summons are referred to herein as "the State Court Defendants."

19. The filing of the State Court Action evidences Mr. Case's and Ms. Simpson's intent to litigate in court, rather than pursue arbitration, and this constitutes a refusal to arbitrate in accordance with the arbitration provision in the Admission Agreement that Annabel Case signed on October 26, 2015, in the presence of Mr. Case as her legal representative and responsible party.

### CAUSE OF ACTION TO COMPEL ARBITRATION

20. Plaintiff incorporates by reference the allegations in the preceding paragraphs of this Complaint.

21. The Federal Arbitration Act ("FAA") mandates arbitration of claims that are subject to a written arbitration agreement evidencing interstate commerce. Specifically, the FAA requires arbitration where (a) there is a valid, written arbitration agreement, and (b) there is a dispute within the scope of the agreement.

22. Section 2 of the FAA provides that:

> A written provision in any...contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof,... ***shall be valid, irrevocable, and enforceable,*** save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2 (emphasis added).

23. The involving commerce requirement is met because Emeritus Corporation is a Washington Corporation with its principal place of business in Washington and it regularly makes purchases from out-of-state vendors.

24. Section 4 of the FAA provides that:

> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement.... The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement.

9 U.S.C. § 4.

25. Section 3 of the FAA requires that suits brought in state or federal court must be stayed pending resolution of the arbitration process. It provides:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, ***shall*** on application of one of the parties stay the trial of the action until such arbitration

has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3 (emphasis added).

26.     Annabel Case executed the Residency Agreement in the presence, and under the guidance, of her son George, a Plaintiff in the State Court case. The Agreement contained an arbitration provision and her estate and representatives are now bound to arbitrate any dispute they may have not in a court of law, but instead, pursuant to the terms of the arbitration provision in the Residency Agreement.

27.     The Residency Agreement containing an arbitration provision is a contract "evidencing a transaction involving interstate commerce" within the meaning of 9 U.S.C. § 2.

28.     Ms. Case's estate is bound by the properly executed arbitration provision in the Residency Agreement, and Emeritus Corporation has a contractual right, pursuant to the FAA and Pennsylvania law, to the enforcement of the arbitration provision on its behalf and on behalf of the remainder of the defendants named in the Writ of Summons.

30.     In the alternative, if authority were to be called into question, Ms. Case's estate is equitably estopped from disavowing the arbitration provision in the Residency Agreement when Ms. Case embraced the remaining benefits of the contractual relationship, and all of the mutual obligations under those remaining contractual undertakings were fully performed, and both sides received the benefit of their bargain, before the dispute leading to arbitration arose.

34.     More fundamentally, Annabel Case received the full panoply of assisted living services including but not limited to room, food, laundry service, medication administration and nursing care, and agreed to pay for them.

35.     Annabel Case cannot be permitted to accept the benefit of all of these bargains at the time of her residency, and then attempt, through her estate, to disavow the last remaining contractual undertaking between the parties, i.e., the arbitration provision of the Residency

Agreement, now because her estate finds that one remaining obligation distasteful. Equitable estoppel prohibits this kind of conduct.

## STAY OF STATE COURT PROCEEDING WITH RESPECT TO ANY NON-ARBITRAl CLAIM(S)

36. A stay of proceedings is necessary in the State Court Action so that the State Court Action does not proceed before the accompanying Motion to Compel Arbitration is decided.

37. Pennsylvania law provides that: "An action or proceeding, allegedly involving an issue subject to arbitration, shall be stayed if a court order to proceed with arbitration has been made or an application for such an order has been made under this section." 42 Pa.C.S.A. § 7304(d).

38. Under the Federal Arbitration Act, a stay of the arbitral claims is required even if non-arbitral claims between the parties to the arbitration agreement would need to be litigated at a later time.

39. Once the order to compel arbitration is entered, a separate order staying the litigation of the claims ordered to arbitration will be necessary.

WHEREFORE, for the foregoing reasons, as more fully set forth in the contemporaneously filed motion to compel arbitration and supporting brief, Plaintiff respectfully requests a judgment ordering Defendants George Mc. Case and Sharon L. Simpson, both Individually and both as Co-Executors of the Estate of Annabel Case to arbitrate their dispute against the State Court Defendants, staying the proceedings in the State Court Action and marking the instant matter administratively closed pending the conclusion of the arbitration of the claim brought on behalf of the Estate of Annabel Case.

LITCHFIELD CAVO, LLP

*/s/ Joel I. Fishbein*

BY: **JOEL I. FISHBEIN**
**ADAM YANOFF**
1515 Market Street, Suite 1220
Philadelphia, PA 19102-1903
Phone: 215-557-0111
Fax:   215-557-3771
fishbein@litchfieldcavo.com
Attorneys for Plaintiff,
Brookdale Senior Living Communities, Inc.

Date: October 2, 2019